UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| JOYCE ANN FRINK | 16-00093-5-SWH |
| DEBTOR | CHAPTER 7 |

## NOTICE OF MOTION

**NOTICE IS HEREBY GIVEN** of the Trustee's Motion for Turnover (the "Motion") filed by the Chapter 7 Trustee in the above-referenced case simultaneously herewith, a copy of which motion is attached hereto; and

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then on or before January 13, 2017, unless otherwise ordered, you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at: U. S. Bankruptcy Court, P.O. Box 791, Raleigh, NC 27602. (As a Filing User of the Court's Electronic Case Filing System you may be required to electronically file a response). If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to the attorney whose name appears at the bottom of this notice, to the bankruptcy administrator, and to other parties in interest.

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the Motion at a date, time and place to be later set and all parties will be notified accordingly. Any party filing a response to the Motion shall appear at any hearing in support of the objection or may be assessed with costs.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

DATED:   December 27, 2016

BUTLER & BUTLER, L.L.P.

s/Hunter E. Fritz
Hunter E. Fritz
Attorneys for the Trustee
NC State Bar No. 46040
P. O. Box 38
Wilmington, NC 28402
Telephone: (910) 762-1908
Facsimile: (910) 762-9441

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO: |
| JOYCE ANN FRINK | 16-00093-5-SWH |
| DEBTOR | CHAPTER 7 |

## MOTION FOR TURNOVER

NOW COMES Algernon L. Butler, III, as Chapter 7 Trustee in the above-referenced bankruptcy case, by and through counsel, and hereby respectfully requests that the Court enter an order requiring the turnover and delivery to the Trustee of certain property of the estate or its proceeds. In support hereof the Trustee shows unto the Court as follows:

1. On January 7, 2016 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 with the Bankruptcy Court for the Eastern District of North Carolina, and Algernon L. Butler, III was duly appointed as Chapter 7 Trustee in this case (the "Trustee").

2. The § 341 Meeting was held on February 3, 2016 and based on the Debtor's representations the case was determined to be a no asset case and the Trustee filed a Report of No Distribution on February 11, 2016. The Order discharging the Debtor was entered on April 6, 2016 (the "Discharge Order"). The final decree was entered on April 7, 2016.

3. The Trustee has recently become aware that the Debtor is represented by counsel in connection with a product liability claim arising out of events which took place between 2002 and 2012 and that the Debtor claims to have an interest in and to be entitled to receive a settlement award in connection therewith (the "Product Liability Claim").

4. On November 28, 2016 the Trustee filed a motion for the Court to reopen this case in order to enable the Trustee to administer the Product Liability Claim as an asset of the estate, and on December 1, 2016 the Court entered an order reopening the case and reinstating the Trustee.

5. On April 16, 2012 the Debtor entered into a Contingent Attorney Fee Contract (the "Agreement") with the law firm of Ferrer, Poirot & Wansbrough (the "Ferrer Firm") pursuant to which the Ferrer Firm was hired to represent the Debtor in prosecuting a lawsuit on behalf of the Debtor with regard to the Product Liability Claim on the basis of a 40% contingency fee plus reimbursement of expenses. The law firm of Aylstock, Witkin, Kreis & Overholtz (the "Aylstock Firm") assisted the Ferrer Firm in handling the lawsuit and participated in a fee-sharing agreement with the Ferrer Firm pursuant to the Agreement.

6. On June 11, 2014 the Debtor, through the Aylstock Firm as her counsel, filed a civil action in the U.S. District Court for the Western District of Louisiana asserting the Product Liability Claim against the defendants Takeda Pharmaceuticals USA, Inc., Eli Lilly & Company et al., Civil Action No.: 6:14-cv-1166 (the "Civil Action").

7. The Civil Action and the Product Liability Claim are based on the Debtors' medical problems and procedures related to the Debtor's use of a Type 2 diabetes drug marketed and sold as Actos.

8. The Civil Action asserts and seeks to recover from the defendants compensatory damages, including medical expenses and economic loss, exemplary damages, punitive damages, costs, and attorneys fees, pursuant to the following cases of action: Negligence; Strict Products Liability – Failure to Warn; Strict Products Liability – Defective Design; Breach of Express Warranty; Breach of Implied Warranty for a Particular Purpose; Breach of Implied Warranty of Merchantability; Fraud; Fraudulent Concealment; Negligent Misrepresentation; and Consumer Fraud and Deceptive Trade Practices.

9. On or around August 2015, the Debtor received a letter from the Aylstock Firm notifying her of a Settlement Program related to the Civil Action (the "Settlement") which requested certain documents from the Debtor for her participation in the Settlement. Upon information and belief, the Debtor provided the required documents to the Aylstock Firm.

10. On August 22, 2015, the Debtor entered into contract with Brian and Gina Browning to purchase real estate located in Columbus County, North Carolina for $112,900.00 (the "Columbus County Property"). The purchase of the Columbus County Property was owner financed and required from the Debtor an initial payment of $7,000.00, monthly payments of $825.00 per month thereafter (payments not applied to principal balance), and a balloon payment of the principal balance on or around August 22, 2016.

11. On September 17, 2015, the Debtor entered into a contract with Richard and Sharon Starkey to purchase real estate located in Bladen County, North Carolina for $72,000.00 (the "Bladen County Property" and collectively with the Columbus County Property "the Properties"). The purchase of the Bladen County Property was owner financed and required from the Debtor an initial payment of $10,000.00, monthly payments of $600.00 thereafter (payments applied to principal balance) and a balloon payment of the principal balance on or before April 14, 2016.

12. Upon information and belief, the Debtor intended to use the net Settlement proceeds, in part, to satisfy the balloon payments related to the purchase of the Properties.

13. On January 7, 2016, the Debtor filed a voluntary petition under Chapter 7 with the Bankruptcy Court for the Eastern District of North Carolina. The Product Liability Claim, the Civil Action, the potential Settlement proceeds, and the Properties were not disclosed in the schedules or statement of financial affairs filed with the bankruptcy petition or in the Debtor's amended schedules filed on February 9, 2016. The debt related to the purchase of the Properties was not disclosed in the schedules and payments related to the purchase of the Properties were not disclosed in the Debtor's statement of financial affairs.

14. The Product Liability Claim, the Civil Action, the potential Settlement proceeds, and the Properties were not disclosed during the § 341 meeting held on February 3, 2016. Specifically, the Debtor responded "No" on the Trustee's questionnaire given at the § 341 meeting which asked whether the Debtor was involved in a lawsuit and whether there was anything that she owned or may have had a claim to ownership in on the Petition Date that was not listed in the bankruptcy schedules.

15. The Product Liability Claim, the Civil Action, the potential Settlement proceeds, and the Properties were not disclosed in the Debtor's amended schedules filed on February 9, 2016.

16. On April 1, 2016 and within two months following the § 341 meeting, the Debtor faxed a letter and copies of the contracts to purchase the Properties to the Aylstock Firm requesting that Aylstock Firm send her the Settlement proceeds "ASAP" to facilitate the purchase of the Properties.

17. On June 23, 2016, the Debtor received a letter from the Aylstock Firm informing her that the 50% of the Actos Settlement claims had been processed and that they hoped that "initial payments will be made by fall of [2016]."

18. On August 8, 2016, the Debtor faxed to Aylstock Firm certain documents including the Discharge Order, copies of the contracts to purchase the Properties, and a note stating that she "need[s] money to complete these purchases, my houses and vehicles as well as paying all my creditors off so I can dismiss the Chapter 7 Bankruptcy by the 23rd of August."

19. Despite her active participation in the Settlement and monthly payments towards the purchase of the Properties, the Debtor has concealed the Product Liability Claim, the Civil Action, the Settlement, and the Properties from the Trustee.

20. In November 2016, an attorney assisting the Aylstock Firm (the "Attorney") in managing their cases contacted the Trustee to inquire as to whether or not the bankruptcy estate had an interest in the settlement of the Civil Action, and in response the Trustee requested additional information from the Attorney. The Trustee has notified the Attorney that the bankruptcy estate is entitled to the proceeds from the Settlement.

21. The Attorney informed the Trustee that the gross minimum amount that would be received as a result of the Settlement was $244,944.00.

22. The Product Liability Claim, the proceeds from the Settlement, and the Properties constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541 which the Debtor did not schedule or exempt and which should be administered by the Trustee for the benefit of the creditors of this bankruptcy estate.

23. Accordingly, the Trustee requests that the Court enter an order providing that the Properties and the proceeds from the Settlement constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541 in which the Debtor is not entitled to claim an exemption and requiring the gross proceeds from the Settlement to be turned over and paid to the Trustee to be administered by the Trustee for the benefit of the creditors of this bankruptcy estate.

WHEREFORE, the Trustee respectfully requests that the Court enter an order providing that the Properties and the proceeds from the Settlement constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541 in which the Debtor is not entitled to claim an exemption, requiring the gross proceeds from the Settlement to be turned over and paid to the Trustee to be administered by the Trustee for the benefit of the creditors of this bankruptcy estate, and granting the Trustee such other and further relief as the Court deems just and proper.

DATED:      December 27, 2016

BUTLER & BUTLER, L.L.P.

s/Hunter E. Fritz
Hunter E. Fritz
Attorneys for the Trustee
NC State Bar No. 46040
P. O. Box 38
Wilmington, NC 28402
Telephone: (910) 762-1908
Facsimile:  (910) 762-9441

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age, and that the foregoing

**MOTION FOR TURNOVER**
**and Notice of Motion**

in the above captioned case was this day served upon the below named persons by mailing, postage prepaid, first class mail, of a copy of such instrument to such persons, parties and/or counsel at the address shown below:

Marjorie K. Lynch
Bankruptcy Administrator
Eastern District of North Carolina
434 Fayetteville St., Suite 620
Raleigh, NC 27601

Christopher D. Lane
3802 Clemmons Rd., Suite A
Clemmons, NC 27012
*Attorney for the Debtor*

Joyce Ann Frink
178 Grist Rd.
Chadbourn, NC 28431

DATED:    December 27, 2016

BUTLER & BUTLER, L.L.P.

s/Hunter E. Fritz
Hunter E. Fritz
P. O. Box 38
Wilmington, NC 28402
Telephone: (910) 762-1908
Facsimile:  (910) 762-9441