**SO ORDERED.**

**SIGNED this 14 day of November, 2017.**

_____
**Joseph N. Callaway
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| JOYCE ANN FRINK | 16-00093-5-SWH |
| | CHAPTER 7 |
| DEBTOR | |

## ORDER REGARDING OBJECTION TO EXEMPTION

A hearing was conducted in this case on October 17, 2017 in Wilmington, North Carolina on the Motion for Approval of Settlement and to Authorize Distribution of Settlement Proceeds (D.E. 77) filed by Algernon L. Butler, III as the chapter 7 trustee (the "Trustee"); the Objection to Trustee's Motion for Approval of Settlement and Authorize Distribution of Settlement Proceeds and Motion to Dismiss (D.E. 83) filed by Joyce Ann Frink; the Trustee's Response and Objection thereto (D.E. 94); and the Trustee's Objection to Amended Claim of Exemptions filed September 20, 2017 (D.E. 101) regarding the Debtor's Amended Schedules filed August 21, 2017 (D.E. 95) and the Debtor's response thereto (D.E. 102). The relevant facts are summarized below.

Joyce Ann Frink filed a petition for relief under chapter 7 of the Bankruptcy Code and attendant schedules on January 7, 2016. In her schedules, she did not list or claim as exempt an existing interest in a pending personal injury class action lawsuit filed in the United States District Court for the Western District of Louisiana, styled *Myers v. Takeda Pharms. USA, Inc. (In re Actos Prods. Liab. Litig.)*, Case No. 6:14-CV-1166 (the "Product Liability Case"). Further, Ms. Frink did not disclose her interest or claim in the Product Liability Case in sworn testimony given at her Section 341 Meeting of Creditors conducted February 3, 2016. The Trustee filed a Report of No Distribution on February 11, 2016, indicating there were no non-exempt assets to be administered, and the case was closed in due course by a final decree rendered April 7, 2016 (D.E. 17).

On November 28, 2016, the Trustee moved to re-open the Debtor's case on the basis of his discovery of a potential asset, which turned out to be her interest and claim in the Product Liability Case (the "Settlement Proceeds"). On December 27, 2016, the Trustee filed a Motion for Turnover (D.E. 25) with respect to the Settlement Proceeds. Ms. Frink did not respond, resulting in the entry

of an Order for Turnover on January 18, 2017 (D.E. 29). A settlement was reached in the Product Liability Case, resulting in a gross claim of approximately $251,000 for Ms. Frink in the litigation common fund, which after reduction of legal fees, costs and medical liens yields a net claim of approximately $200,000.[1]  Ms. Frink did not assert an exemption in those funds until she filed her Amended Schedules on August 21, 2017.[2]  She now maintains that all of the Settlement Proceeds are exempt from the bankruptcy estate pursuant to North Carolina General Statutes § 1C-1601(a) (8) as personal injury proceeds.[3]

At the October 17 hearing, counsel requested and the court agreed to hear that day each party's initial legal arguments seeking judgment as a matter of law. In summary, the Debtor argued that even assuming, *arguendo*, she failed to disclose the Settlement Proceeds in bad faith and without regard to the passage of time since the case filing and its re-opening, she enjoys an absolute right to assert and claim the exemption. She cites the Supreme Court of the United States opinion of *Law v. Siegel*, 134 S. Ct. 1188 (2014) as dispositive. The Trustee contends that *Law v. Siegel* does not grant a debtor an unfettered right to claim exemptions any time in a case, and that both North Carolina and federal substantive law would not allow the Debtor to file amended exemptions under the facts and circumstances of this case.  He further argues that the Order for Turnover foreclosed the Debtor's ability to claim an exemption in the Settlement Proceeds under principles of *res judicata.*

On November 3, 2017, the court determined that the Order for Turnover was improvidently entered and the Order for Turnover was vacated (D.E. 111). As a result, the *res judicata* argument is no longer viable. Further, after reviewing *Law v. Siegel* and decisions interpreting it, and after considering the arguments based on North Carolina exemption law and the doctrine of waiver, the court determines that it is unable to rule on the matters before it as a matter of law and that an evidentiary hearing is required. Therefore, a telephonic status conference will be set by separate order to discuss with counsel what discovery, if any, is needed; the amount of time necessary to hear the matter; to schedule the date or dates of the evidentiary hearings; and such other matters as may be pertinent.

**END OF DOCUMENT**

---

[1] The net Settlement Proceeds remain deposited in the common settlement fund held or managed in trust by the Product Liability Case attorneys pending the outcome of this matter.

[2] Exemptions are not automatic; a debtor must take action and file schedules for a claim of exemption to become effective. *See* 11 U.S.C. § 522(l).

[3] A debtor files exemptions under 11 U.S.C. § 522(d) unless the domicile state has opted out of § 522(d), in which event the corresponding state law exemptions are substituted. Pursuant to North Carolina General Statutes § 1C-1601(f), North Carolina has opted out of the federal exemptions statute.